
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENDA K. AITKEN, | No. 12-35682 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00065-SEH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 5, 2013**
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges, and MURPHY, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen Joseph Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Brenda Aitken appeals the district court's decision affirming the Social Security Administration's denial of her application for disability insurance benefits. The underlying disability application was based on Aitken's alleged inability to work due to fibromyalgia, degenerative disc disease, asthma, and depression. For the reasons below, we affirm.

We review de novo the district court's decision in a social security case. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "The Social Security Administration's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The court upholds the decision of an Administrative Law Judge ("ALJ") "where the evidence is susceptible to more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Aitken claims that the ALJ erred in weighing medical opinion evidence. Specifically, she argues that the ALJ erred by failing to set forth clear and convincing reasons for rejecting the opinions of her treating physicians over those of non-treating physicians.

"If . . . a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the ALJ gives it] controlling weight." 20 C.F.R. § 404.1527(c)(2). "Where [a treating physician's] opinion is contradicted . . . it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)).

Because opinions of state agency examiners and a medical expert contradicted the treating physicians' opinions, the ALJ needed only to meet the specific and legitimate reasons standard of *Carmickle*. 533 F.3d at 1164. The ALJ considered objective medical evidence in weighing the opinions of Aitken's treating physicians, discussed Aitken's actual work history, and considered Aitken's other daily activities. The ALJ gave specific and legitimate reasons for giving "little weight" to the opinions of Aitken's treating physicians.

Aitken also argues that the ALJ improperly discredited her subjective pain testimony because the ALJ's findings lacked sufficient specificity. If the objective medical evidence shows that the claimant's impairment(s) "could reasonably be

expected to produce pain or other symptoms" and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms with "specific findings stating clear and convincing reasons for doing so." *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The ALJ found that Aitken's subjective allegations regarding her pain were inconsistent with her daily activities. The ALJ also noted that Aitken's chiropractor found her to be responding well to treatment and gave her an "excellent" prognosis. Because the ALJ gave specific, clear, and convincing reasons for rejecting Aitken's subjective symptom testimony, the ALJ did not err in weighing Aitken's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Aitken challenges the ALJ's finding that she was not disabled at step five, claiming that the Vocational Expert's ("VE") hypothetical relied on by the ALJ did not include all of Aitken's impairments, specifically her subjective pain symptoms. Because the ALJ properly discredited Aitken's subjective symptom testimony, her claim that the VE's hypothetical was incomplete is without merit. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005).

**AFFIRMED.**